**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

MARTIN HUDDLESTON, Individually §
and On behalf of all others similarly situated,
Plaintiff,

V.
§ CIVIL ACTION NO. 6:16-cv-0046
BOWMAN'S OILFIELD SERVICE,
LLC and JIM BOB BOWMAN
Defendants. § JURY DEMANDED

**PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT**

This is an action arising under the Fair Labor Standards Act of 1938 ("FLSA"), brought individually and as a collective action to recover unpaid overtime compensation, liquidated damages, and attorney's fees owed to Plaintiff Martin Huddleston and all other similarly situated employees ("Members of the Class") employed by, or formerly employed by Defendants, its subsidiaries and affiliated companies.

**Parties**

1. Plaintiff Martin Huddleston ("Huddleston") a former employee of Defendants, is and was personally engaged in interstate commerce during his employment with the Defendants, and is represented by the undersigned.

2. Defendant Bowman's Oilfield Service, LLC ("BOS") is a Texas Limited Liability Company and is and was an "employer" as that term is defined by the FLSA. With respect to Plaintiff and Members of the Class, BOS is subject to the provisions of the FLSA. BOS was at all relevant times an enterprise engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. §§ 203(r) and (s), and had gross annual revenues in excess of

$500,000.00. Defendant BOS may be served through its registered agent Jim Bob Bowman at 608 East Main, Suite 102, Henderson, Texas 75652 or wherever he may be found.

3. Defendant, Jim Bob Bowman ("Bowman") is an individual who was an "employer" as that term is defined by the FLSA. With respect to Plaintiff, Bowman is subject to the provisions of the FLSA because he was at all relevant times or was part of an enterprise engaged in interstate commerce as defined by 29 U.S.C. § § 203(r) and (s). Defendant Bowman may be served with process at 608 East Main, Suite 102, Henderson, TX 75652 or wherever he may be found.

**Jurisdiction and Venue**

4. This Court has jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendants and Plaintiff transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well. At all times pertinent to this Complaint, Defendants were an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet. At all times pertinent to this Complaint, Defendants regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §2013(r) and 203(s). Additionally, Plaintiff was individually engaged in commerce and his work was essential to Defendants' business. Specifically, Plaintiff traveled on interstate highways in the performance of his duties and used interstate communications in the performance of his duties. Venue is proper pursuant to 28 U.S.C. § 1391(b), because Defendants and Plaintiff transacted business within this judicial district and some of the events underlying

this complaint occurred within this judicial district. Upon information and belief, Defendants conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

**Factual Allegations**

5. Plaintiff Huddleston worked for Defendants from January 15, 2015 until December of 2015 as a Lead Operator. Huddleston's duties included, but were not limited to, flowing wells after they were drilled, counting gas, water and oil as it came out of drilled well, and doing drill outs. Huddleston regularly worked in excess of 40 hours in a workweek. In fact, Huddleston regularly worked 80 hours and sometimes 100 hours or more per week. During the majority of Huddleston's employment with Defendants, he was paid on a day-rate basis, and was not paid an overtime premium for hours worked over 40 in a workweek.

6. For all time worked during the three year preceding the filing of this lawsuit, ("Relevant Time Period"), Plaintiff was paid on a day-rate basis but was not paid an overtime premium for hours worked over 40 in a workweek.

7. At all times relevant hereto, the Defendants knew of, approved of, and benefited from Plaintiff's regular and overtime work. Plaintiff was not an "exempt" employee.

8. Defendants' actions were willful and in blatant disregard for Plaintiff's federally protected rights.

**Plaintiff's Individual Allegations**

9. As a non-exempt employee, Plaintiff was entitled to be paid his regular wages and to be paid an overtime premium for all work performed during the hours worked over forty (40) hours in each workweek. Defendants failed to pay the Plaintiff the required overtime premium in every workweek that he worked over 40 hours, which was many of the weeks Plaintiff worked

for Defendants.

10. No exemption excuses the Defendants from paying Plaintiff for all time spent and work performed during the hours he worked, and the Defendants have not made a good faith effort to comply with the FLSA. Thus the Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation with respect to Plaintiff. Such practice was and is a clear violation of the FLSA.

**Collective Action Allegations**

11. Other employees have been victimized by the Defendants' pay practices and policies. A number of these employees have worked with Plaintiff. Thus, Plaintiff is aware that the illegal practices or policies of the Defendants have been imposed on the Members of the Class. Specifically, through speaking with other employees, Plaintiff is aware that Defendants made a regular practice of not paying the required overtime premium for hours worked over 40 in a workweek, but paid several different categories of employees on the same basis: day-rate.

12. The Members of the Class performed work that is similar in nature to that performed by Plaintiff; these individuals worked alongside the Plaintiff performing the same type of manual physical work that the Plaintiff performed. Accordingly, the employees victimized by the Defendants' unlawful practices are similarly situated to Plaintiff in terms of their job duties.

13. Further, each member of the class was paid according to a common payment scheme. Thus, although the amount of damages may vary from individual to individual, the damages can be calculated by using a single mathematical formula that is individually applicable to each Member of the Class. The Members of the Class are, therefore, similarly situated in terms of pay provisions.

14. The Defendants' failure to pay its employees as required by the FLSA resulted from a generally applicable policy that does not depend on the personal circumstances of the Members of the Class. This generally applicable policy is prohibited by the FLSA. Thus, Plaintiff's experience is typical of the experiences of the Members of the Class.

15. No justification or exemption excused the Defendants from paying the Members of the Class for all work performed and time spent working, and the Defendants did not make a good faith effort to comply with the FLSA. As such, the Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding minimum wage and overtime compensation with respect to the Members of the Class.

**16.** Accordingly, the class of similarly situated Plaintiffs is properly defined as:

> **All persons employed by Defendants Bowman's Oilfield Service, LLC and Jim Bob Bowman who were paid on a day-rate or salary basis during the three-year period preceding the filing of this Complaint.**

## CAUSE OF ACTION

### Violation of the FLSA – Failure to Pay Overtime Wages Owed

17. Based on the foregoing, Defendants violated the FLSA by failing to properly compensate Plaintiff and Members of the Class for work performed in the employ of the Defendants.

18. Plaintiff and Members of the Class have suffered damages as a direct result of Defendants' illegal actions.

19. Defendants are liable to Plaintiff and all Members of the Class for unpaid overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA, for the three-year period preceding the filing of this lawsuit.

## Demand for Jury

20. Plaintiff demands a trial by jury.

## Prayer for Relief

WHEREFORE, Plaintiff and all employees similarly situated who join in this action demand:

1. Issuance of notice as soon as possible to all persons employed by Bowman's Oilfield Service, LLC and Jim Bob Bowman on a day-rate or salary basis during the three-year period immediately preceding the filing of this Complaint. Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not paid correctly for work performed or hours worked during any portion of the statutory period;
2. Judgment against Defendants for an amount equal to Plaintiff's and the Members of the Class's unpaid overtime wages at the applicable rate;
3. An equal amount to the overtime wage damages as liquidated damages;
4. Judgment against Defendants that its violations of the FLSA were willful;
5. To the extent that liquidated damages are not awarded, an award of prejudgment interest;
6. All costs and attorney's fees incurred prosecuting these claims;
7. Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;
8. Leave to amend to add claims under applicable state laws; and
9. For such further relief as the Court deems just and equitable.

Respectfully Submitted,

*/s/ Josef F. Buenker*
Josef F. Buenker
TBA No. 03316860
2030 North Loop West, Suite 120
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile
**ATTORNEY-IN-CHARGE FOR**
**PLAINTIFF MARTIN HUDDLESTON**